Honorable James A. Franklin, Jr. Prosecuting Attorney Camden County Courthouse Camdenton, Missouri 65020
Dear Mr. Franklin:
This letter is in response to your opinion request asking as follows:
 "Under Sections 190.005 to 190.045 RSMO., what is next affirmative action that must be taken by the County Court of Camden County to resolve the matter of the proposed formation of the Cam-Mo Emergency Ambulance District which was initiated by Petition filed in the Office of the County Clerk on July 12, 1976."
You also state:
 "(1) On July 12, 1976, there was presented and filed with the County Clerk of Camden County a petition which proposed the organization of an Ambulance District called the Cam-Mo Emergency Ambulance District.
 "(2) Thereafter the petition was presented to the Judges of the County Court of Camden County and the petition was set for hearing on August 16, 1976, which date was not less than thirty (30) nor more than Forty (40) days after the filing of the petition.
 "(3) Notice of the hearing was given in accordance with the Statutes.
 "(4) Public Hearing was held in the Camden County Courtroom on August 16, 1976, in accordance with the notice.
 "(5) No other petition embracing any part of the proposed district was filed prior to the public hearing.
 "(6) On August 20, 1976, the Judge [sic] of the County Court found that the petition filed was sufficient and met the requirements of the Statutes and ordered that election be held not less than thirty (30) nor more than ninety (90) days after August 20, 1976, at which time the question of organizing the proposed ambulance district would be put to the voters for determination. It being further ordered that the date of the election would be November 2, 1976.
 "(7) Notice of the election was thereafter given and published.
 "(8) Election was held on November 2, 1976, the results being One Thousand Third Hundred Sixty Seven (1367) votes `Yes' and One Thousand Three Hundred Fifteen (1315) votes `No'.
 "(9) On November 10, 1976, the Judges of the County Court did canvass the votes and entered the order declaring the election and organizing the Cam-Mo Ambulance District.
 "(10) Thereafter a Notice of Appeal and Petition was filed in the Circuit Court of Camden County. The Notice of Appeal citing Section 49.230, RSMO. and basis of appeal from the November 10, 1976, order of the County Court.
 "(11) On February 1, 1977, the matter was brought before Circuit Judge John E. Parrish. His order, a copy of which is attached hereto, wherein he ordered the November 10, 1976, Order of the County Court be set aside and that the County Court be enjoined from organizing the District pursuant to the November 2, 1976, election. The Judge therein also remanded the question back to the County Court of Camden County."
Section 190.030, RSMo Supp. 1975, provides:
 "If the territory, petition and proceedings meet the requirements of sections 190.005 to 190.085, the judges of the county court shall in and by the order finding and determining the sufficiency of the petition and that the territory meets the requirements of sections 190.005 to 190.085 or by a separate order call an election as prayed for in the petition to be held not less than thirty days nor more than ninety days after the entering of the order."
Section 190.035, RSMo Supp. 1975, provides:
 "Notice of the election shall be given by publication on three separate days in one or more newspapers having general circulation within the territory, the first of which publications shall be not less than thirty days prior to the date of the election, and by posting notices in ten of the most public places in the territory, and in case no newspaper has a general circulation in the territory, the notices shall be so posted in fifteen of the most public places therein, not less than thirty days prior to the date of the election. Each notice shall state briefly the purpose of the election, setting forth the proposition to be voted upon, form of ballot to be used at the election, a description of the territory, set forth the election precincts, and designate the polling places therefor. The notice shall further state that any district upon its establishment shall have the powers, objects and purposes provided by sections 190.005 to 190.085, and shall have the power to levy a property tax not to exceed fifteen cents on the one hundred dollars valuation."
Obviously, we do not have the benefit of an intimate knowledge of the legal history of the proceedings involved; and this, coupled with the time limitations which are placed upon us, put us at somewhat of a disadvantage in responding to your question.
We note from the copy of the docket sheet of the Circuit Court of Camden County that the court found Section 190.035, RSMo,
 ". . . was not complied with in that the polling places for the election held November 2, 1976, were not designated by Notice of Election required by said statutes, . . ."
As a result, the circuit court enjoined the county court judges from proceeding with the organization of the ambulance district pursuant to the election held November 2, 1976, and
 ". . . from recognizing said election as having created, formed, or organized such purported ambulance district in any respect. . . ."
It appears to us that the county court should at this time make an amended order pursuant to Section 190.030 containing the findings as provided therein and setting the election as provided therein. The notice of election should then be given as provided in Section 190.035, and a new election held pursuant to said section and Sections 190.040 and 190.045, RSMo Supp. 1975.
Yours very truly,
 JOHN ASHCROFT Attorney General